[17 NYS3d 645]

In the Matter of RICHARD M. ROTH (Admitted as RICHARD MARC ROTH), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 15, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Mischel & Horn, P.C.* (*Richard E. Mischel* of counsel), for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent Richard M. Roth was admitted to the practice of law in the State of New York by the Second Judicial Department on March 19, 1980, under the name Richard Marc Roth. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department.

In a previous order (131 AD3d 314 [2015]), this Court suspended respondent from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (ii) and (iii), based on bank records and admissions he made under oath during the deposition taken in the course of the Committee's investigation, in which he acknowledged his misappropriation and/or conversion of client funds, and commingling personal funds with client funds. The Departmental Disciplinary Committee now moves pursuant to 22 NYCRR 603.11 for an order accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys.

Respondent's affidavit of resignation, sworn to on June 5, 2015, acknowledges that he is the subject of formal charges filed by the Committee that are currently pending before a Referee regarding the foregoing alleged professional misconduct, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and (d) (1) (i) and 8.4 (c), (d) and (h), as well as other investigations concerning allegations of misconduct. He states that his resignation is submitted freely, voluntarily and without coercion or duress; that he is fully aware of the implications of submitting his resignation, and, that he cannot successfully defend himself on the merits of the pending charges, or other allegations of misconduct. His affidavit of resignation therefore satisfies 22 NYCRR 603.11 (a) (1)-(3).

Accordingly, the Committee's motion should be granted and respondent's affidavit of resignation from the practice of law accepted, and his name stricken from the roll of attorneys effective nunc pro tunc to June 18, 2015.

SWEENY, J.P., RENWICK, ANDRIAS, MOSKOWITZ and GISCHE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 18, 2015.